Filed 1/7/25  In re A.B. CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re A.B. et al., Persons Coming Under the Juvenile Court Law. | |
| KERN COUNTY DEPARTMENT OF HUMAN SERVICES, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> D.B., <br><br> Defendant and Appellant. | F088256 <br><br> (Super. Ct. Nos. JD142946-00, JD142947-00, JD142948-00) <br><br> **OPINION** |

## THE COURT[*]

APPEAL from orders of the Superior Court of Kern County.  Susan M. Gill, Judge.

Brian Bitker, under appointment by the Court of Appeal, for Defendant and Appellant.

Margo A. Raison, County Counsel, and Elizabeth M. Giesick, Deputy County Counsel, for Plaintiff and Respondent.

---

[*]      Before Smith, Acting P. J., DeSantos, J. and Fain, J.[†]

[†]      Judge of the Fresno Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

-ooOoo-

Father D.B. (father) appeals the termination of his parental rights pursuant to Welfare and Institutions Code[1] section 366.26.  Following a review of the entire record, father's court-appointed appellate counsel informed this court he found no arguable issues to raise on father's behalf.  Counsel requested, and this court granted, leave for father to personally file a letter presenting a good cause showing that an arguable issue of reversible error did in fact exist.  (*In re Phoenix H.* (2009) 47 Cal.4th 835, 844 (*Phoenix H.*).)  While father submitted a letter raising various issues, his letter failed to establish good cause or show the existence of any arguable issue of reversible error arising from the section 366.26 hearing.  (*Id*. at p. 844.)  Therefore, we dismiss the appeal.

## PROCEDURAL AND FACTUAL SUMMARY

Father, along with S.S. (mother),[2] is the biological parent of A.B., K.B., and N.B., who are the only minors involved in this matter.  Although father did not seek a writ petition to challenge the termination of reunification services earlier in the process, thereby waiving his challenge to a variety of issues, we provide a summary of proceedings leading up to the termination of his parental rights.

*Detention*

On January 19, 2022, three separate dependency petitions were filed by the Kern County Department of Human Services (department) seeking the detention of all three minors, alleging there was a substantial risk they would suffer serious physical harm or illness due to the willful or negligent failure of father and mother to protect them as required under section 300.  The petitions were filed after law enforcement responded to a report and found the family home to be "unlivable" and the minors to be dirty and

---

[1]    All further statutory references are to the Welfare and Institutions Code.

[2]    Although a party to the proceeding in the juvenile court, mother did not appeal the decision of the court terminating her parental rights.  Therefore, this summary will focus on those events relevant to father's appeal.

not properly cared for. Following a hearing in the juvenile court, the request to detain all three minors was granted.

At the initial hearing, father filed a form with the juvenile court indicating he had Cherokee ancestry. The department sent notices to three federally recognized Cherokee tribes, pursuant to the Indian Child Welfare Act (ICWA),[3] providing information about the scheduling of a jurisdiction/disposition hearing. Each tribe responded in March 2022, that the minors were not eligible for enrollment. Two additional tribes that were apparently contacted, also responded stating the minors were not eligible for enrollment in their tribes.

*Jurisdiction/Disposition*

After being continued from its original date, the jurisdiction/disposition hearing was set to begin on May 5, 2022. While the matter had to be continued again due to a conflict requiring the appointment of a new attorney for one of the minors, the juvenile court did find on this date that "based on inquir[ies] [and] response[s]," there was no reason to know or believe the minors were Indian children.

After more continuances were granted, the hearing was finally held on August 19, 2022. The juvenile court found the allegations stated in the detention petitions filed for each of the three children to be true. Each minor was then adjudged to be a dependent of the court under section 300, subdivisions (b) and (j). The court ordered each minor be removed from the physical custody of father, and further, that reunification services be provided to father. A six-month review hearing was then scheduled for February 2023.

---

[3] "[B]ecause ICWA uses the term 'Indian,' we do the same for consistency, even though we recognize that other terms, such as 'Native American' or 'indigenous,' are preferred by many." (*In re Benjamin M.* (2021) 70 Cal.App.5th 735, 739, fn. 1, disapproved of in *In re Dezi C.* (2024) 16 Cal.5th 1112, on other grounds.)

*Six-Month Review*

On February 16, 2023, the juvenile court made findings that as of that date, father had made minimal efforts towards reunification, the current placements for the minors were appropriate, and ICWA did not apply because there was no reason to believe or know the minors were Indian children.

*12-Month Review*

Following numerous continuances, the 12-month hearing under section 366.21, subdivision (f) was held on July 13, 2023. After the parties were given an opportunity to address the juvenile court through their attorneys, the court stated:

> "[A.B.], [N.B.], and [K.B.] … are members of a sibling group in which at least one of them was under the age of three when they were initially removed from the parents' physical custody, and there is clear and convincing evidence [mother] and [father] have failed to participate regularly and make substantive progress in a court-ordered treatment program. There is not a substantial probability that those children may be returned within the 18-month period, which ends tomorrow, and [f]amily [r]eunification [s]ervices to [mother and father] are ordered terminated."

Both mother and father were given oral notice and written notice of the need to file a notice of intent to file a writ petition to preserve their ability to appeal the termination of reunification services. Neither mother nor father filed a notice of intent challenging the termination of reunification services.

*18-Month Review*

As laid out in more detail in appellate counsel's opening brief, the various reports prepared for the section 366.26 hearing documented the numerous placements the minors experienced during this dependency process and the health and developmental challenges each faced. The reports also summarized the visits father had with the minors during this time. The observations of the department personnel supervising these visits were that while there was some positive interaction between the minors and their parents, the relationship was more of a "visiting one."

4.

The section 366.26 hearing was held on May 8, 2024. Testimony was offered at the hearing by the minors' maternal grandmother, B.C., father, a department caseworker, Marisol Perez, and an adoption worker, Brenda Venegas.

The maternal grandmother and father testified that A.B. was usually upset when the visits came to an end. While Perez confirmed that this had occurred earlier when she first was assigned the case, she noted that more recently, A.B. had been more relaxed when the visits would end. Venegas, who was responsible for determining the adoptability of each minor, testified A.B. was not engaged during comfort calls with mother, and that such calls were more difficult with N.B. and K.B. because of their young ages.

On the question of adoptability, Venegas concluded both N.B. and K.B. were "generally" adoptable. A.B., she concluded, was "specifically" adoptable.[4] Venegas reached these conclusions even though the placement for N.B. had recently changed and K.B. was in respite care at the time of the hearing.[5] The juvenile court eventually agreed with these conclusions and found clear and convincing evidence supporting that each minor was likely to be adopted. Based on these findings, the court ruled that the permanent plan of adoption would be ordered, and father's parental rights would be terminated.

## DISCUSSION

In response to this court's order inviting him to file a letter brief "setting forth a good cause showing that an arguable legal issue does, in fact, exist," father filed a letter raising seven issues. Those issues include (1) the adequacy of the counsel he was

---

[4] This different designation appeared to be related to A.B.'s age and the fact her current foster mother expressed a desire to adopt her.

[5] While the reasons for placing K.B. in respite care remained open at the time of the section 366.26 hearing, Perez testified that the referral had already been investigated and that it was determined the cause of the bruises K.B. received was accidental.

provided, (2) a fraud upon the court when status reports did not accurately reflect information provided by both mother and father to the department, (3) the failure to place the children with family members, (4) the violation of a number of fundamental constitutional rights, (5) the lack of clear and substantial evidence supporting the conclusion mother and father were unfit parents, (6) the lack of jurisdiction in the juvenile court, and (7) the impact of the overturning of the *Chevron* doctrine by the United States Supreme Court earlier this year.

An appealed judgment or order is presumed correct. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) It is the appellant's burden to raise claims of reversible error or other defect and present argument and authority on each point made. If the appellant fails to do so, the appeal may be dismissed. (*In re Sade C.* (1996) 13 Cal.4th 952, 994.)

By the time a case reaches the section 366.26 hearing, the juvenile court has determined based on extensive evidence that the dependent children cannot be safely returned to the parent's custody. Father's opportunity to challenge any of the evidence contained in the department's disposition and review reports regarding the evidence supporting the children's removal, relative placement considerations, and the social worker's responsiveness was during reunification and the hearing when reunification services were terminated. (Cal. Rules of Court, rule 8.450; see also *Amanda H. v. Superior Court* (2008) 166 Cal.App.4th 1340, 1346.) The failure to challenge the evidence through a writ petition operated as a forfeiture, preventing father from challenging that evidence at a subsequent section 366.26 hearing. We view his challenges raised in issues two and three of his letter brief as forfeited when he did not pursue those points through a writ petition.

At a termination hearing, the juvenile court's focus is on whether it is likely the child will be adopted and if so, to order termination of parental rights. (*In re Marilyn H.* (1993) 5 Cal.4th 295, 309.) If, as in this case, the children are found likely to be adopted, the court must terminate parental rights unless the parent proves there is a compelling

6.

reason for finding that termination would be detrimental to the children under any of the circumstances listed in section 366.26, subdivision (c)(1)(B) (exceptions to adoption). Father challenges the sufficiency of the evidence supporting the court's finding the children were likely to be adopted in his fifth issue. Our own review confirms appellate counsel's determination that no arguable issue exists in this appeal on this point.

With respect to the remaining issues raised by father, we find father has failed to make a showing of good cause that an arguable issue exists. (*Phoenix H.*, *supra*, 47 Cal.4th at p. 846.) First, father's letter brief lacks citations to the record and relevant supporting legal authorities for each purported claim of error. (See *In re Sade C.*, *supra*, 13 Cal.4th at p. 994 [parents must " 'present argument and authority on each point made' "].) Nor does father show how these claims of error, assuming they were true, constitute a basis for reversing the underlying orders.[6] Our own review confirms appellate counsel's determination that no arguable issues exist in this appeal.

We specifically reject father's claims in issues four, six, and seven. On issue four, dependency is governed by state law and jurisdiction for such cases is in the county where the children and parents reside. (See *In re Wanomi P.* (1989) 216 Cal.App.3d 156.) With respect to the various federal constitutional rights father has raised in issue six, father has not shown how his rights were denied by not providing due process, or that he did not receive a fair hearing with notice. (See *Lois R. v. Superior Court* (1971) 19 Cal.App.3d 895, 901–902.) Finally, the reliance on the federal *Chevron* doctrine raised in issue seven is improper. That is a doctrine governing the interpretation of federal regulations and the role of the federal courts in that process. (See *Chevron, U.S.A. v. Natural Res. Def. Council* (1984) 467 U.S. 837 (overruled in *Loper Bright Enterprises v. Raimondo* (2024) ___ U.S. ___ [144 S. Ct. 2244].)

---

**6**    Claims of inadequacy of counsel are especially problematic on appeal as they require specific proof and not general accusations. (See *People v. Mai* (2013) 57 Cal.4th 986, 1009.)

In sum, father has not raised any arguable issues stemming from the section 366.26 hearing or any orders entered after the termination of reunification services.  Further, though we are not required to do so, we have reviewed the record as it relates to the hearing under section 366.26 and find no arguable issues for briefing. (*Phoenix H.*, *supra*, 47 Cal.4th at pp. 841–842.)

## **<u>DISPOSITION</u>**

Father's appeal is dismissed.